### JAMES M. WOOD *vs.* DENNIS DONOVAN.

Essex. Nov. 1, 1881. — Jan. 3, 1882. MORTON & ALLEN, JJ., absent.

A. made an oral contract with B. for the erection of a house for him by B. B. partially performed this contract; and, after sundry modifications of the contract had been made, B., with the assent of A., made a written assignment to C. of "all my right, title and interest in and to a certain contract with A., which contract was to build for A. a certain house. C. to complete said house in a good and workmanlike manner, and in all respects according to the contract made by me with A." *Held,* in an action by C. against A., that the assignment was of the contract as it subsisted after the modifications thereof, and not of the contract as originally made.

LORD, J. The defendant made an oral contract with John C. Griffin for the erection of a house for him by Griffin. Griffin partially performed that contract. In that condition of things, the oral contract being thus partially performed, Griffin made a written assignment of it to the plaintiff, to which assignment the defendant assented in writing.

It appeared at the trial that sundry modifications of that oral contract had been made between the parties to it prior to the written assignment, which written assignment was in these words:

" Know all men by these presents, that I, John C. Griffin, of Lawrence in the County of Essex and Commonwealth of Massachusetts, in consideration of one dollar and other good and valuable considerations to me paid by James M. Wood, of said Lawrence, do hereby assign, set over and transfer unto said Wood all my right, title and interest in and to a certain contract with Dennis Donovan, which contract was to build for said Donovan a certain house on Border Street. Said Wood to complete said house in a good and workmanlike manner, and in all respects according to the contract made by me with said Donovan."

The question which we are to determine is, What contract was assigned by Griffin to the plaintiff? Was it the oral contract which was originally made between Griffin and the defendant, or was it the contract which subsisted between them after the modifications of it had been agreed upon between the parties, at the time of the assignment?

We can have no doubt that the assignment was of the contract as it then subsisted between them, and not the contract as it subsisted between them before any modification of it. The contract had been partially executed, and it was a partially executed contract which the parties had in their minds, and according to which the plaintiff agreed to complete the house.

In this condition of things, the natural and obvious purpose of an assignment would be to finish the contract which was then a subsisting contract. If the original contract had been in writing, and the subsequent modifications of it had been also in writing, and the same language had been used in the assignment, it would undoubtedly be construed to mean the contract as it then subsisted between the parties, by reason of the modifications. If, for example, the original contract had not provided for any piazza about the house, and by a subsequent modification the parties had agreed that a piazza should be built upon every side of the house, and in fact it had been begun, no one can doubt that the plaintiff was to finish such piazza under the agreement to complete the house, although the original contract made no provision for a piazza; and while, if there were no words to control it, we should limit the assignment of the contract to such contract as was then subsisting between the parties, we think the language of the assignment is necessarily to receive the same construction. The language of Griffin in his assignment is, " do hereby assign, set over and transfer unto said Wood all my right, title and interest in and to a certain contract with Dennis Donovan, which contract was to build for said Donovan a certain house on Border Street."

It will be seen that no particulars of the contract are set out, and that the assignment is only of Griffin's right, title and interest in the contract. It is obvious that Griffin had no right, title or interest in any part of the original contract which had been abrogated by the parties, and he neither could, nor did he pretend to, assign any labor which was originally stipulated for, but which by agreement of parties made previously to the assignment was not to be performed. If originally the contract was to erect a three-story house, and the parties to it before the assignment had varied their contract so that a two-story house was

to be built, the assignment would be of a contract to build a two-story house, and not a three-story house. The subsequent language, " said Wood to complete said house," etc., is not only not in conflict with this view, but it would seem that it could be consistent with no other construction than that which we have given to the assignment. To use the illustration before given, if the piazza, which had been agreed upon between the parties after the original contract, had been partially constructed at the time of the assignment, would the plaintiff's agreement to complete the house according to the contract be fulfilled by completing the piazza according to the existing agreement between the parties, or would it require him to demolish all the piazza that had been erected, and finish the house according to the terms of the original understanding? The assent of the defendant was to the conveyance which that instrument effected, and to nothing else. To that conveyance his assent was necessary, for the purposes which the parties had in view. Beyond that, there was no occasion for his assent, and no variation of the contract could be subsequently made except by his participation in it.

We have not thought it necessary to consider particularly the nature of the modifications which had been made in the oral contract before its assignment to the plaintiff. The time and mode of payment, equally with its amount, are essential parts of the contract. If the price to be paid by the original contract were increased or reduced before the assignment, the price then existing would remain the price to be paid. If by the original contract the payment was to be by a note on time, and the modification of the contract was that the payment should be in cash upon the completion of the work, the payment under the assignment must be according to the terms of the contract existing at that time.

The ruling of the presiding judge, that the knowledge of the changes in the contract must be brought home to the plaintiff before evidence in relation to them could be introduced, seems to be founded upon the idea that the plaintiff must have known, prior to the purchase, precisely all the conditions of the contract as at first made; but of this there is no evidence whatever. The presumption that a man knows what the thing is that he bargains for, goes at most no farther than this, that he knows what

it is when he buys it, not what it may have been at any time before. If this contract had been an assignment in terms of " the contract as originally made," other and very different questions would arise. But its words are, " all my right, title and interest in and to a certain contract with Dennis Donovan." This is the assignment of an existing, not of an abrogated contract, if at the time of its execution such contract existed.

The learned Chief Justice of the Superior Court, who presided at the trial, having erroneously construed this assignment to be of the contract as it was originally made, and having refused to admit evidence of what the contract was at the time it was assigned, the exceptions *Must be sustained.*

*C. G. Saunders*, for the defendant.
*W. S. Knox*, for the plaintiff.